UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NO SUMMONS ISSUED

CV 14 - 3199

------------------------------------------------------------X

MONTAIGNE MASSAC,

Plaintiff,

-against-

**COMPLAINT**

THE CITY OF NEW YORK, POLICE
OFFICER JOSEPH GRUBERT, Shield No. 17450,
Individually and in his Official Capacity, and
SERGEANT MICHAEL PINTO, Shield No. 2062
Individually and in his Official Capacity,

**JURY TRIAL DEMANDED**

**ECF CASE**

GARAUFIS, J.

Defendants.

------------------------------------------------------------X

SCANLON, M.J.

Plaintiff MONTAIGNE MASSAC, by his attorneys, COHEN & FITCH LLP,

complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C.

§1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff MONTAIGNE MASSAC is an African American male and has been at all relevant times residents of Queens County in the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.  At all times hereinafter mentioned P.O. JOSEPH GRUBERT and SGT. MICHAEL PINTO were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.  At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

- 2 -

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.    On or about June 9, 2011 in the County of Queens, City, and State of New York, the plaintiff, MONTAGNE MASSAC, was in a car in the vicinity of 112-12 112th Road, Queens, NY.

14.    Plaintiff was dropping an acquaintance off at home after they had finished volunteering at a youth program in Brooklyn, New York.

15.    At the aforesaid time and place, defendants approached the vehicle and asked plaintiff and his acquaintance for identification.

16.    Plaintiff's acquaintance asked the defendants if he could go into his house to get his identification and the defendants consented.

17.    When the plaintiff's acquaintance asked to see the defendants' badge numbers, the defendants became aggressive and began to attack plaintiff's acquaintance.

18.    When the plaintiff stepped out of the vehicle, defendants pushed him into a patch of bushes and handcuffed him tightly behind his back, causing bruising and numbness to his wrists and hands.

19.    Plaintiff was charged with Criminal Possession of Marijuana in the Fifth Degree, Obstructing Governmental Administration, Resisting Arrest, and for a standing violation.

20.    At no time on June 9, 2011 did the plaintiff possess any marijuana or behave unlawfully in any way.

21. At no time on June 9, 2011 did defendants possess probable cause to arrest the plaintiff.

22. At no time on June 9, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest the plaintiff.

23. Thereafter, the plaintiff was transported to a nearby police precinct and later received treatment at Queens General Hospital for the injuries he sustained as a result of the defendants' excessive force.

24. In connection with the plaintiff's indictment, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office – namely, the police falsely informed prosecutors that the plaintiff refused to identify himself to police officers, that the plaintiff flailed his arms and kicked his legs to avoid being handcuffed, and that the plaintiff possessed marijuana.

25. Thereafter, defendants repeatedly gave false and misleading statements regarding the facts and circumstances of the plaintiff's arrest – namely, the police falsely stated that the plaintiff refused to identify himself to police officers, that the plaintiff flailed his arms and kicked his legs to avoid being handcuffed, and that the plaintiff possessed marijuana.

26. As a result of his unlawful arrest, the plaintiff spent approximately twenty four (24) hours in police custody and approximately six (6) months making numerous court appearances before all charges were adjourned in contemplation of dismissal.

27. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

35.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

37.     Plaintiff repeats, reiterates, and realleges, each and every allegation contained in the proceeding paragraphs as if the same were more fully set forth at length herein.

38.     Defendants created false evidence against the plaintiff.

39.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office – namely, the police falsely informed prosecutors that the plaintiff refused to identify himself to police officers, that the plaintiff flailed his arms and kicked his legs to avoid being handcuffed, and that the plaintiff possessed marijuana.

40.     Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing false statements throughout the criminal proceedings – namely, the police falsely stated that the plaintiff refused to identify himself to police officers, that the plaintiff flailed his arms and kicked his legs to avoid being handcuffed, and that the plaintiff possessed marijuana.

41.     In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

42.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

44.     The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

45.     As a result of the foregoing, the plaintiff sustained, *inter alia*, severe bodily injuries including, but not limited to injuries to his head, face, limbs, eyes and body

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

47.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and
>
> ii.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

iii.   utilizing excessive force in executing arrests.

49.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

50.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

51.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

52.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

53.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

54.   The acts complained of deprived the plaintiff of his right:

a.   Not to be deprived of liberty without due process of law;

b.   To be free from seizure and arrest not based upon probable cause;

c.   Not to have summary punishment imposed upon him; and

d.   To receive equal protection under the law.

   **WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

     ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
      May __21__, 2014

BY: _____
     JOSHUA FITCH
     GERALD COHEN
     COHEN & FITCH LLP
     *Attorneys for Plaintiff*
     233 Broadway, Suite 1800
     New York, N.Y. 10273
     (212) 374-9115
     jfitch@cohenfitch.com
     gcohen@cohenfitch.com